## STATE v. YODER.

(Filed November 26, 1901.)

HiGHWAYS—*Public Roads—Failure to Work.*

> Where a person is notified to work the public road for two
> consecutive days, and goes to the place appointed the first
> day and the overseer is not there, he is not indictable for
> failure to attend on the second day, not having further no-
> tice.

·Indictment against Jacob Yoder, heard by Judge *W. B.
Council* and a jury, at October Term, 1901, of the Superior
Court of Catawba County.

This case was tried in the Court below on appeal from the
judgment of a Justice of the Peace. The jury rendered the
following special verdict: "That defendant was a resident
and citizen of Jacob's Fork Township, and was liable to work
on the public roads of said township; he was indicted for
failing to work the road; he was served with notice by one
Whitener, who was overseer of a portion of the public road
leading from Hickory to King's Mountain; said Whitener
was a resident and citizen of Hickory Township, but was ap-
pointed overseer of the road by the Board of Supervisors of
Jacob's Fork Township; the said overseer notified the de-
fendant, who had been assigned to him as one of his hands,
to meet him at the forks of the roads in Hickory Township,
to work for two days; the notice was three days or more before
the day fixed for the working to begin; he was to work on that
portion of the road in Hickory Township; defendant went to
the place at the time, prepared to begin work; the overseer was
not there, and did not arrive during the day; the defendant
did not go on the second day; the overseer did not work the
first day, but, at the request of some of the hands, did not
work until the second day; the defendant had no notice of

the postponement; the road he was to work was not on the dividing line between Hickory and Jacob's Fork townships; one hundred and fifty yards of the road was in Hickory Township, the residue in Jacob's Fork Township. If, upon the foregoing facts, the Court is of the opinion that defendant is guilty, then the jury find him guilty; but if the Court is of the opinion that he is not guilty, then the jury so find." Upon the special verdict, the Court pronounced the defendant guilty, and he appealed from the judgment.

*Brown Shepherd,* for *the Attorney-General,* for the State.
*L. L. Witherspoon,* for the defendant.

DOUGLAS, J., after stating the facts. We think his Honor erred in pronouncing the defendant guilty upon the special verdict. The defendant being notified to meet the overseer at a certain place on a certain day, was present at the time and place appointed. That he did not meet the overseer, was the overseer's fault, and not his own. It is contended that the defendant is guilty because he failed to return the second day. Where ought he to have gone? It is true, he was summoned to work two days, but he was not summoned to meet the overseer at the same place on both days. If the overseer had worked the road with his hands on the day appointed, surely he would have gotten out of sight of the starting place by the second day. Moreover, the defendant had no notice of the postponement, and had no assurance of meeting the hands on the second day. If the overseer could postpone the work without notice for a day, why could he not do it for a week? And yet could a man be expected to lose a week's time in the vain endeavor to do two day's work? The general road law is burdensome enough, without our adding any additional burden by judicial construction.

In our opinion, the defendant has complied with the notice

35——129

as far as could reasonably be required, and is therefore not guilty.

This ends the case, and it is not necessary for us to discuss the interesting questions raised by the motion in arrest of judgment. The judgment of the Court below is reversed.

Reversed.